The facts are fully recited in the adjudication, likewise the relevant clauses in the will. The pertinent principles of law as enunciated in Taylor's Est., 277 Pa. 518, and other cases cited are correctly applied, and in the conclusion reached we concur.
The exceptions filed by the trustees are based upon several main grounds succinctly summarized in the brief filed in their behalf.
The first question raised by the exceptants is whether the trustees were justified in construing clause 14 of the will as authorizing the retention of the securities acquired *Page 297 
by the testator in his lifetime, for the purposes of the trust.
The trustees were so justified to the extent defined in the adjudication. The testator expressed in clause 14 his will and desire that his executors (which term, as the auditing judge points out, includes trustees) shall not sell any of the securities of which he died possessed at a sacrifice, but that they shall hold the same until they can in their sound judgment and discretion, obtain a fair price therefor. This clause of the will must be read in conjunction with the twelfth clause wherein the residuary estate is given to the executors in trust to invest the same in good legal securities and for the other purposes therein specified. The same phraseology is used in the first codicil. The wording of this clause is not sufficient under the decision in Taylor's Estate (supra) and other cases to authorize the indefinite retention of the securities as an investment for the trust estate. But even if it were so construed it would not justify the trustees in failing to exercise proper care and attention in the management of the estate, which is the ground upon which the surcharge has been imposed.
The next question submitted by the exceptants is whether the adjudication of the executors' account constituted a conclusive determination that under the provisions of the will the securities should be retained for the purposes of the trust.
The language quoted from the adjudication of the auditing judge who audited the executors' account is as follows: "The securities to be retained by the accountants for the purposes of the aforesaid trust are to be examined," etc. The purposes of the trust include the first direction after the bequest and devise in trust, to wit, "to invest the same in good legal securities," qualified by the later clause, that the securities owned by the decedent at his death shall not be sold at a sacrifice. The award to the trustees by the adjudication of the executors' account *Page 298 
does not relieve them from liability or responsibility in the management of the trust estate.
The next question submitted by the exceptants is whether, taking into consideration the provisions of the will, it can be properly found from the evidence that the failure to sell the securities was due to negligence on the part of the trustees and was not the result of a due exercise of their judgment and discretion.
A careful analysis of the record establishes a correct determination of the issue by the auditing judge. It has been repeatedly held that a finding of fact of an auditing judge is of no less weight than the verdict of a jury, and will not be set aside except for manifest error. No such error exists, nor ground for sustaining this exception.
The final of the main questions raised by the exceptants is whether the amount of the surcharge can be properly fixed without a preliminary finding by the court as to the time and price at which the securities have been sold.
The basis of the surcharge is in accordance with the practice of this court, as set forth in Plate's Est., 30 D. R. 902, and other decisions which need not be cited.
We emphasize the ground upon which the auditing judge has reached his determination, that in this case the trustees retained the securities in question not through the exercise of their judgment but through that which in the law amounts to a lack of attention.
In Keller's App., 8 Pa. 288, the Supreme Court of this State, by COULTER, J., strikingly defines the rule of accountability applicable to fiduciaries. The precise limitations, he says, cannot be definitely defined in their application to particular cases. "Much must be left to the discretion of the courts, who will duly estimate the lights and shadows of cases as they arise, and with careful hand adjust acknowledged principles to the case. . . . A court of chancery always deals with great tenderness towards a trustee acting in good faith." *Page 299 
Having before us for guidance this rule, we nevertheless find no error in the conclusions reached by the auditing judge.
One of the beneficiaries asks that the trustees be compelled to bear the loss arising from their failure to sell and convert into "good legal" investments securities owned by the testator. The burden then rested upon the accountants to show that they had exercised proper care and attention in the management of the estate. The evidence produced before the auditing judge was insufficient to establish the care and attention in the management of the estate required by law. For that reason they were properly surcharged by the auditing judge with the loss that grew out of their inattention.
The trustees were not surcharged because they retained as investments for the trust estate shares of stock in constituent companies composing the traction system in Philadelphia or shares in other corporations.
The exceptions are dismissed and the adjudication is confirmed absolutely.
Trustees appealed.
Error assigned, among others, was final decree.
The six judges who heard this appeal were equally divided in opinion. The decree of the Orphans' Court of *Page 300 
Philadelphia County is accordingly affirmed; costs to be paid by appellant.